IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



OZELIA HICKS, JR.,

    Petitioner,

v.                                     Civil Action No. 3:16CV946

COMMONWEALTH OF VIRGINIA, et al.,

    Respondents.

## MEMORANDUM OPINION

Petitioner Ozelia Hicks, Jr. was convicted in the Circuit Court of Chesterfield County for obtaining money by false pretenses and was sentenced to seven years of incarceration. See Hicks v. Clarke, No. 3:15CV123, 2016 WL 901265, at *1 (E.D. Va. Mar. 3, 2016). By Memorandum Opinion and Order entered on March 3, 2016, this Court denied Hicks's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See id. at *9. On December 1, 2016, the Court received from Hicks a submission entitled "MOTION FOR NEW TRIAL PURSUANT TO CODE § 8.01-428 Rule 60(b)" ("Rule 60(b) Motion," ECF No. 1). In his rambling and far from lucid Rule 60(b) Motion, Hicks clearly continues to attack the sufficiency of the evidence and other errors in the criminal proceeding leading to his state conviction. (See, e.g., id. at 2.) Despite labeling his motion a Rule 60(b) Motion, as explained below, Hicks's Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review

2

process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (citations omitted). Here, Hicks's Rule 60(b) Motion raises challenges to his Chesterfield conviction, rather than any defects in his federal habeas proceedings. While Hicks cites several Federal Rules of Civil Procedure and mentions the Magistrate Judge's name in his Rule 60(b) Motion to suggest that the Court erred in dismissing his first § 2254 petition, Hicks clearly intends to attack his conviction and sentence.[1] As a further indicator that Hicks intends to attack his state conviction, Hicks submits portions of the trial transcript that he believes illustrate his points about errors in his criminal proceedings. (ECF No. 1-1.) Instead of demonstrating defects in his federal habeas proceedings, Hicks enumerates purported

---

[1] Hicks's subsequent filings in this action also demonstrate his true intent to attack his state conviction and sentence. For example, in his Motion to Expedite Appeal Bond as a Matter of Law, Hicks challenges his remaining state sentence, asks this Court to alter the sentence imposed by the state court (see ECF No. 2, at 3-4), and once again attempts to attack the sufficiency of the evidence supporting his conviction (id. at 6-11). In his Motion for Writ of Mandamus Appeal Bond, he claims that trial and appellate counsel erred (ECF No. 5, at 4), the prosecutor engaged in misconduct (id. at 5), and insufficient evidence existed to support his conviction of larceny by false pretenses (id. at 6).

3

errors that occurred during his state trial. See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of how the motion is labeled).[2] Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition. The Court has not received authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be dismissed for want of jurisdiction.

Hicks's Motion to Expedite Appeal Bond as a Matter of Law (ECF No. 2), Motion for Writ of Mandamus Appeal Bond (ECF No. 5), Motion to Correct the Record (ECF No. 6), and Motion for Summary Judgment (ECF No. 7) will be denied.[3]

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

---

[2] Hicks identifies no discernable defect in the collateral review process despite his frequent inclusion of the Magistrate Judge's name.

[3] All of these documents continue to attack his underlying conviction and sentence no matter the title.

the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Because Hicks fails to satisfy this standard, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hicks.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 10, 2017
Richmond, Virginia